UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| CARLTON VOSE<br>*Plaintiff,*<br><br>v.<br><br>PETER NERONHA, et al<br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

No. 1:24-CV-443-JJM-PAS

## ORDER

Carlton Vose was convicted of elder neglect in the state courts, *see State v. Vose,* 287 A.3d 997 (R.I. 2023), and ever since he has challenged that prosecution, conviction, and sentence. Most recently, this Court denied his petition brought under 28 U.S.C. § 2254. *Vose v. Neronha,* No. 1:23-cv-00084-JJM–PAS (ECF No. 63). That case is on appeal. (ECF No. 69, docketed as First Circuit U.S.C.A. Case Number 24-1905.) This Court has also dismissed previous civil cases taking issue with the prosecution[1] and previous civil cases challenging the Rhode Island Supreme Court's refusal to admit him to the Rhode Island Bar and his lack of access to the prison library in order to adequately litigate these cases as a *pro se* plaintiff.[2] Mr. Vose is a former practicing attorney and a frequent *pro se* litigator. His legal background is evident in the papers he files.

---

[1] *Vose v. City of Pawtucket,* 1:18-cv-00620-JJM-PAS, *Vose v. Kilmartin,* 1:19-cv-00409-MSM-PAS.

[2] *Vose v. Suttell,* 1:23-cv-00039-MSM-PAS, *Vose v. Adult Corr. Institutions,* 1:24-cv-00116-WES-PAS.

Here,, Mr. Vose seeks to impose civil liability on three prosecutors from the Rhode Island Attorney General and on a Clerk of the Rhode Island Superior Court for what he contends was a legally flawed adjudication that he was a violator of probation imposed as part of the elder neglect sentence. Upon that adjudication, four months imprisonment was added to the previously-imposed sentence. On November 12, 2024, this Court dismissed Mr. Vose's Complaint. (ECF No. 3.) Mr. Vose is prosecuting an appeal from that dismissal (ECF No. 7), but in the meantime he is also seeking relief from the judgment via Fed. R. Civ. P. 60. (ECF No. 6.) Notwithstanding that an appeal from the dismissal is pending, the Court has jurisdiction of a Rule 60 Motion. *Hospital San Antonio, Inc. v. Oquendo-Lorenzo,* 47 F.4th 1, 6 (1st Cir. 2022).

The Court's dismissal of this lawsuit was based on its conclusion that the lawsuit constituted a challenge to the lawfulness of Mr. Vose's adjudication of probation violation for failing to attend the state court advisement proceeding. Such a challenge would be barred by the twin doctrines of *Rooker-Feldman,* precluding federal courts from sitting in review of state court judgments, and by *Heck v. Humphrey's* prohibition against actions whose effect is to undermine state court convictions that remain outstanding. *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 20 (1st Cir. 2005) (quoting *Exxon Mobil v. Sauci Basic Indus. Corp.,* 544 U.S. 280, 283 (2005); *Heck v. Humphrey,* 512 U.S. 477, 486 (1994)).

Mr. Vose cites seven reasons in support of his Rule 60 Motion, each alleging that the Court's Order was based on mistakes of fact or law. (ECF No. 6, at 2-5.)

*Mistakes of Fact*

Rule 60(b)(1) permits relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Mr. Vose maintains that the Court's characterization of his Complaint as undermining the state conviction and sentence is a mistake of fact because, he reasons, the Complaint seeks monetary damages, rendering both *Rooker-Feldman* and *Heck v. Humphrey* inapplicable. *Id.* at 2. That assertion is disingenuous. Neither the *Rooker-Feldman* nor the *Heck* doctrines are limited to actions to vacate state court convictions. *Heck* itself was a civil action seeking damages for what the petitioner alleged were Fourth Amendment violations that ultimately resulted in his conviction. In this Complaint, Mr. Vose claims similarly that he endured an unconstitutional seizure because of allegedly falsified and fabricated documents used to prosecute him for violating the terms of his bail and probation. The essence of the Mr. Vose's Complaint is that the proceedings that resulted in the adjudication of probation violation were unlawful; he cannot recover damages unless he establishes that premise. *Heck* applies whenever a successful result in a civil action would "*imply*" the invalidity of a state court conviction. Were Mr. Vose to succeed in his claim that he never received notice of the state court proceeding and that any documents showing otherwise were fabricated, that would necessarily imply that the punishment for failing to attend the state court proceeding–an additional four months added to his sentence–was invalid.

Mr. Vose alleges that the second mistake of fact is that he did not waive any defects in the probation violation process by admitting to the adjudication; instead, he alleges, he only acknowledged the *facts* that provided the factual basis for the state court to find him in violation of probation. (ECF No. 1, at 4). A waiver, however, occurs not only when a litigant directly forfeits a defense but also when a litigant has a chance to present a defense and does not do so. Mr. Vose could have litigated the genuineness or falsity of the probation violation notice in the state court proceedings and failing to do that constituted a waiver.

*Mistakes of Law*

Mistakes of law, even if made, are not cognizable under Rule 60(b)(1). *Elias v. Ford Motor Co.,* 734 F.2d 463, 467 (1st Cir. 1984) (errors of law are not included in "mistake, inadvertence, surprise or excusable neglect."). Rule 60(b) is the subsection that Mr. Vose must rely on since he attacks the dismissal Order on its merits. Rules 60(b)(1) through (5) are inapplicable here, but Rule 60(b)(6) is a catch-all provision that permits a Court to grant relief from a judgment for "any other reason that justifies relief." Only "exceptional circumstances justify [the] extraordinary relief" that Rule 60 allows. *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.,* 784 F.3d 37, 44 (1st Cir. 2015); *Lopez v. Wall,* C.A. 09-578-S, 2011 WL 3667592, *2 (D.R.I Aug. 22, 2011). A Court granting a Rule 60 Motion must be confident that "vacating the judgment will not be an empty exercise" and that the underlying lawsuit has merit. *Bouret-Echevarria,* 784 F.3d at 45.

Mr. Vose alleges several mistakes of law, including as discussed above whether his civil action is an attack on the probation violation adjudication. And he asserts that the Court was mistaken in declaring that a failure of "written" notice would undermine the probation violation adjudication. It is true that R.I. Super. R. Crim. P 32's written notice requirement relates explicitly to the basis of the violation and not the date of the hearing, but Mr. Vose's own Complaint alleged that because the notices of hearing were "fake" he was subjected to "false imprison[ment]." (ECF No. 1, ¶ 56.) Mr. Vose contends that the state court relied on the allegedly "fake" written notices to support the sentencing of him as a probation violator. *Id.* at ¶ 68.

Mr. Vose also alleges that the Court erred as a matter of law in applying *Heck v. Humphrey* because, he contends, the probation violation is not a "conviction" in Rhode Island. The Rhode Island Supreme Court in other contexts, such as the applicability of the Rules of Evidence, has referred to probation violation proceedings as "civil" in nature. *See e.g., State v. Smith,* 721 A.2d 847, 848 (R.I. 1998). But Super. R. Crim. P. 32 makes it clear that the proceedings are part of sentencing on a criminal charge and, indeed, Rhode Island does not treat those proceedings as a separate "civil" action but dockets them under the original Information number as a continuing part of the criminal process. What the Court did in Mr. Vose's case was revoke part of the previous suspension of the criminal sentence. *See* Rhode Island Judiciary docket P2-2016-2326A, Amended Sentence of October 1, 2024.

Mr. Vose's enumeration of another "mistake of law" is that the Court was wrong in concluding that prosecutorial immunity could protect three of the

defendants here because of the "civil" nature of the proceedings.  But prosecutorial immunity extends to any actions "intimately associated with the judicial phase of the criminal process." *Kuperman v. New Hampshire,* C.A. 09-066-JD, 2009 WL 1930046, *2 (D.N.H. July 1, 2009), *amended on other gnds.* 2010 WL 1141348 (D.N.H. Mar. 22, 2010).  A probation revocation is such a process.  *Cannon v. Lowell District Court,* C.A. 15-13565-FDS, 2016 WL 2596018, *3 n.2 (D. Mass. May 5, 2016) (district attorneys immune from suit based on unlawful probation revocation).

In conclusion, the Court does not find Mr. Vose's Rule 60 Motion persuasive, nor does it find that the Motion presents "exceptional circumstances" justifying "extraordinary relief."  Everything Mr. Vose presses in his Motion can be, and undoubtedly will be, addressed in due time in his pending appeal of the Court's dismissal of this case.

The Motion for Rule 60 Relief (ECF No. 6) is DENIED.


IT IS SO ORDERED:

John J. McConnell, Jr.
Chief Judge
United States District Court

January 22, 2025